# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| WESTFIELD INSURANCE COMPANY, *as subrogee of* Green Valley Ranch, | ) ) ) ) |
| Plaintiff, | ) ) Cause No. 1:18-cv-00087-SLC |
| v. | ) ) ) |
| MUNTERS CORPORATION, | ) ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is Defendant's unopposed motion for the entry of an agreed protective order, filed on December 10, 2018. (DE 38). Because the proposed order is inadequate, Defendant's motion will be DENIED.

Federal Rule of Civil Procedure Rule 26(c) allows the Court to enter a protective order for good cause shown.[1] *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). A protective order, however, must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Id.*; *see MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook, Inc. v. Boston Sci. Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001)

---

[1] "[T]he same scrutiny is not required for protective orders made only for discovery as for those that permit sealed filings." *Containment Techs. Grp., Inc. v. Am. Soc'y of Health Sys. Pharmacists*, No. 1:07-cv-997-DFH-TAB, 2008 WL 4545310, at *3 (S.D. Ind. Oct. 10, 2008); *see also Baxter Int'l, Inc. v. Abbot Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) ("Secrecy is fine at the discovery stage, before the material enters the judicial record. But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." (citations omitted)). Because the proposed order in this case contemplates sealed filings (DE 38 ¶ C(2)), it requires a higher level of scrutiny.

(same).

Here, the proposed order fails to set forth narrow, demarcated categories of legitimately confidential information. It allows a party to designate "Confidential" any material that a person "in good faith believes [] contain[s] trade secret[]s or nonpublic confidential technical, commercial, financial, personal, or business information." (DE 38-2 ¶ A(1)). However, defining the term "Confidential" by using the general terms of "confidential," "non-public," "commercially sensitive," or "proprietary" is rather vague. *See, e.g.*, *Filter Specialists, Inc. v. Hendi*, No. 3:08-cv-365, 2008 WL 4367594, at *2 (N.D. Ind. Sept. 17, 2008) (rejecting the parties' proposed categories of "proprietary, confidential, or of a commercially sensitive nature," explaining that "[f]or the proposed document to comport with circuit precedent and the Federal Rules, the parties need to limit this language of the order to a more ascertainable standard to prevent a blanket protective order"). Therefore, the Court is not satisfied that the parties know what information constitutes "Confidential" material. *See Cincinnati Ins. Co.*, 178 F.3d at 946. The Seventh Circuit Court of Appeals has repeatedly held that overly broad protective orders are invalid. *See, e.g.*, *id*. at 945 (noting that a broad protective order granting carte blanche discretion to a party is invalid).

Nor does the addition of the term "non-public" cure the problem. "If the parties seek non-trade secret protection for any . . . information, they must present reasons for protection and criteria for designation other than simply that the information is not otherwise publicly available." *Cook*, *Inc.*, 206 F.R.D. at 249. "They must describe a category or categories of information and show that substantial privacy interests outweigh the presumption of public access to discovery material." *Id.* For material to be protected, it "must give the holder an

economic *advantage* and threaten a *competitive* injury—business information whose release harms the holder only because the information is embarrassing or reveals weaknesses does not qualify for trade secret protection." *Id.* at 248. Accordingly, "merely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Shepard*, 2003 WL 1702256, at *1(citing *Baxter Int'l, Inc.*, 297 F.3d at 547).

Next, the proposed order enables a party to designate any material as "Confidential" if a party "in good faith believes" it to be confidential. (DE 38-2 ¶ A(1)). However, the term "in good faith" is a "fudge" phrase that contributes to the vagueness of the proposed order. *See Cincinnati Ins. Co.*, 178 F.3d at 944 (emphasizing that the word "believed" incorporated into the phrase "believed to contain trade secrets" is a "fudge"); *Shepard v. Humke*, No. IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. Mar. 28, 2003) (articulating that a party's attempt to qualify a "fudge" word by the phrase "in good faith" fails to sufficiently cure the deficiency).

Additionally, a protective order must be "explicit that either party and any interested member of the public can challenge the secreting of particular documents." *Cincinnati Ins. Co.*, 178 F.3d at 946. The proposed order, however, does not contain this language. "[T]he public at large pays for the courts and therefore has an interest in what goes on at all stages of judicial proceedings." *Id*. at 945. The Seventh Circuit has "insisted that litigation be conducted in public to the maximum extent consistent with respecting trade secrets, the identities of undercover agents, and other facts that should be held in confidence." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006) (citations omitted).

Finally, to the extent that paragraph D of the proposed order may suggest that the Court will retain jurisdiction over this matter after the termination of this suit, the Court will not retain

3

jurisdiction of any kind after resolution of the case. *See E.E.O.C. v. Clarice's Home Care Serv., Inc.*, No. 3:07-cv-601 GPM, 2008 WL 345588, at *2 (S.D. Ill. Feb. 7, 2008) (encouraging the parties to make a contractual agreement among themselves for the return of sensitive documents without court oversight); *see also Large v. Mobile Tool Int'l, Inc.*, No. 1:02-CV-177, 2010 WL 3120254, at *1 (N.D. Ind. Aug. 6, 2010).

Therefore, for the foregoing reasons, the Court DENIES the Defendant's unopposed motion for the entry of an agreed protective order. (DE 38). The parties may submit a revised stipulated protective order consistent with the requirements of Rule 26(c) and Seventh Circuit case law.

SO ORDERED.

Entered this 17th day of December 2018.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge